

## IN THE
## TENTH COURT OF APPEALS

### No. 10-15-00164-CR
### No. 10-15-00165-CR

**JOSE DEJESUS MALDONADO, JR.,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 40th District Court
### Ellis County, Texas
### Trial Court Nos. 37976CR & 37977CR

## ORDER SEALING CLERK'S RECORD, REPORTER'S RECORD, AND BRIEFS AND ABATEMENT ORDER

### BACKGROUND

Volume 4 of the Reporter's Record contains a transcription of a hearing that is required to be sealed pursuant to Rule 412 of the Rules of Evidence. Exhibits were introduced during the Rule 412 hearing conducted by the trial court. The transcript of

the hearing and the exhibits were included in the Reporter's Record in a manner that did not comply with the requirements for the filing of sealed documents. Maldonado and the State have filed briefs containing an issue regarding the hearing conducted pursuant to Rule 412, which were also not filed in compliance with Rule 412 because they were not filed under seal.

REMEDIAL ACTION

In order to correct this, the Court orders that several remedial actions be taken as follows: First, Volume 4 of the Reporter's Record and the exhibit files from the Rule 412 hearing are ordered to be sealed by the Clerk of this Court immediately. Any further access to that volume or the exhibits is hereby restricted.

Second, the trial court clerk is ordered to seal the corresponding copies of the clerk and reporter's record maintained by the trial court clerk. Third, the parties' briefs are sealed in their entirety. Fourth, the attorneys for Maldonado and the State are ordered to make any and all reasonable efforts to recover all copies of the briefs and the record that contain any discussion of the substance of the Rule 412 issue and to ensure that the briefs are not disseminated in a manner that would violate the sealing order. At this time, the briefs, which are now sealed, will be considered only on the third issue as discussed below. The other issues in the now-sealed briefs will not be considered by the Court at this time or in the future. As explained below, entirely new briefs will be required of both parties on all issues that remain after the hearing pursuant to this

abatement order. We are not striking the briefs in their entirety so that the Court can address the abatement issue prior to the filing of new briefs by the parties.

## ISSUE THREE

In his third issue on appeal, Maldonado argues that his right to confront the victim was violated because he was not allowed to cross-examine the victim regarding certain allegations. Maldonado argues that the trial court's refusal to allow him to question the victim regarding these events deprived him of the ability to develop a defensive theory. The trial court did not allow Maldonado to question the victim in any manner at the Rule 412 *in camera* hearing conducted outside of the presence of the jury.

"A trial court's failure to afford the parties the opportunity to be present at the *in camera* hearing and examine the alleged victim regarding specific instances of previous sexual conduct violates the defendant's confrontation rights." *LaPointe v. State*, 166 S.W.3d 287, 297 (Tex. App.—Austin 2005, pet. dism'd) (abatement order). We agree that the trial court should have allowed Maldonado to question the victim at the Rule 412 hearing. *See LaPointe v. State*, 225 S.W.3d 513, 520 (Tex. Crim. App. 2007). Accordingly, we sustain Maldonado's third issue in part. The proper remedy in this circumstance is to abate this appeal for the trial court to conduct a hearing at which the defendant can cross-examine the victim pursuant to the limitations of the rules of evidence. *Id*. at 524.

## ABATEMENT ORDER

We abate this appeal and order the trial court to conduct a hearing in accordance

with Rule of Evidence 412 in this case. The trial court is ordered to conduct the hearing on a date no later than 60 days after the date of this order. In accordance with Rule 412, the public shall be excluded from the hearing, and the hearing shall be conducted either in chambers or in a closed courtroom. Maldonado, his attorney, and the representative of the State must be present and afforded a reasonable opportunity to examine the victim, "Jane Doe 195." *See Delaware v. Van Arsdall*, 475 U.S. 673, 679, 89 L. Ed. 2d 674, 106 S. Ct. 1431 (1986); *accord Davis v. Alaska*, 415 U.S. 308, 316, 39 L. Ed. 2d 347, 94 S. Ct. 1105 (1974) (right to cross-examination is "subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation").

After hearing evidence and argument by counsel, the trial court shall determine whether the proffered evidence would be admissible under Rule 412 and set forth its ruling either orally on the record or in a written order. A supplemental Clerk's and Reporter's record shall be sealed in accordance with Rule 412(d) and sent to this Court no later than 14 days from the date of the hearing.

### BRIEFING SCHEDULE

Maldonado will have 30 days after the later of the supplemental clerk's or reporter's record is filed to file a new brief on the merits of any issue, including those initially raised in the above-referenced brief which is now sealed.[1] If Maldonado also

---

[1] Because the issues were raised in a brief with the Rule 412 issue, and because that brief had to be sealed in its entirety, the Court will not consider any issue raised in the original brief beyond the Rule 412 issue as addressed in this Order.

wishes to advance an issue regarding the trial court's Rule 412 rulings, that issue must be briefed in a separate document and filed under seal. The State will have 30 days after the filing of Maldonado's brief(s) to file a responsive brief. If Maldonado files a sealed brief pursuant to Rule 412 and this order, the State's response thereto is also due within 30 days and must also be filed separately and under seal.

PER CURIAM

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Appeal Abated and Briefs Sealed
Order delivered and filed March 29, 2017

